**Don Seok RHEE; Kyun Soon Cho; Chung Hyun Park, Plaintiffs—Appellants,**

v.

**CITY OF LOS ANGELES, a Municipal corporation; Elvin Wheeler, Defendants—Appellees.**

No. 03–56286.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2005.*

Decided May 16, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Andrew E. Smyth, Esq., Smyth Law Office, Los Angeles, CA, for Plaintiffs–Appellants.

John A. Carvalho, Esq., Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

Before: O'SCANNLAIN and WARDLAW, Circuit Judges, and WHALEY,** District Judge.

### MEMORANDUM ***

Appellants applied for a permit to operate an acupressure business in Los Angeles. Because their proposed business fell within the definition of a "massage parlor," and the Los Angeles Municipal Code ("LAMC") prohibits the operation of a "massage parlor" within 500 feet of residentially zoned property, *see* LAMC § 12.70, the application was denied. Appellants do not contest the fact that their proposed business location is within 500 feet of residentially zoned property. Nor do they contend that their business should not be considered a "massage parlor." Nevertheless, they sued the City of Los Angeles under 42 U.S.C. § 1983, arguing that due process requires that they be provided a hearing to plead their case.

■ Appellants' proposed acupressure business clearly falls within the LAMC's definition of "massage therapy," which includes "any method of *pressure* on or friction against, or stroking, kneading, rubbing, tapping, pounding, or *stimulating the external parts of the body with the hands* or other parts of the body, or any other type system for treating or manipulating the human body." LAMC § 103.205(3)(a) (emphases added). Appellants' permit application, therefore, runs afoul of LAMC § 12.70.

■ A necessary precondition to Appellants' due process claim is the existence of a property right. In *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the Supreme Court explained that property interests are not created by the Fourteenth Amendment, "[r]ather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." 408 U.S. at 577, 92 S.Ct. 2701. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.*

■ The City of Los Angeles has no discretion to waive the defect in Appellants' application. Even if it did, that discretion would further undermine Appellants' claim, because the very fact that a decision is discretionary creates a de-

---

** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

gree of uncertainty that defeats a claim of entitlement. Therefore, not only do Appellants not have a legitimate claim of entitlement to a permit under the non-discretionary LAMC application process, but their requested remedy—a discretionary hearing—is inconsistent with their claim of a property right.

Without a property right, Appellants cannot make out a due process claim.

The decision of the district court is AFFIRMED.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the